UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

FEDERICO PAZ,

     Petitioner,

vs.

WARDEN RAMIREZ,

     Respondents.

Case No. 1:20-cv-00257-BLW

**INITIAL REVIEW ORDER**

On May 28, 2020, Petitioner Federico Paz, who is serving a life sentence without the possibility of parole, filed his sixth federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Dkt. 3.) For the reasons that follow, the Court concludes that this case is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases.

**BACKGROUND**

Petitioner filed his first §2254 habeas corpus petition with the United States District Court for the District of Idaho in Case No. 93-cv-00132-WFN, his second in Case No. 02-cv-00312-MHW, his third in Case No. 11-cv-00335-CWD, his fourth in Case No. 16-cv-00277-REB, and his fifth in Case No. 16-cv-487-REB. Petitioner's first petition was dismissed with prejudice after the parties entered into a stipulation disposing of all claims, and Petitioner was resentenced from death to a life sentence. (Exhibit A to

Order in Case No. 02-cv-00312-MHW, Dkt. 10.) Petitioner's second, through fifth petitions were dismissed without prejudice, with notification to Petitioner that he must obtain authorization from the United States Court of Appeals for the Ninth Circuit to proceed. He did not obtain authorization. Petitioner's federal Petition for Writ of Mandamus, filed in Case No. 17-cv-00169-REB, was also unsuccessful.

Here, Petitioner does not allege that he has obtained authorization from the Ninth Circuit court to file a successive petition.

## STANDARD OF REVIEW AND DISCUSSION

### 1.    Standard of Review

This Court is required to review the petition to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing § 2254 Cases. Summary dismissal is appropriate if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. *Id*.

### 2.    Discussion

There is no dispute that the sixth petition is a successive petition. Title 28 U.S.C. § 2244(b) requires a state prisoner seeking to file a second or successive § 2254 habeas petition to file a motion in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

This Court may not, in the absence of proper authorization from the Ninth Circuit Court of Appeals, consider a second or successive habeas application. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, this Court has no jurisdiction to consider the new petition. *Id*. at 1274 (holding that district courts lack

jurisdiction to consider unauthorized successive petitions). Therefore, the petition will be dismissed without prejudice.

Petitioner makes a new argument in this case—that the Idaho Supreme Court is denying him access to courts to challenge his conviction and sentence by requiring him to pay for preparation of the record in order to appeal. Petitioner states that he has no funds to pay the fee and is thus foreclosed from bring his claims before the state appellate courts because he is a pauper. Petitioner has not provided any facts to show whether his filings are likely frivolous—which is a proper reason for state courts to reject in forma pauperis filings. However, because it has now been 20 years since Petitioner's 1993 federal habeas corpus case was dismissed with prejudice on December 15, 2000, it is likely that Petitioner exhausted his state court remedies many years ago, and that no avenue of state court relief remains open to him.

The United States Supreme Court has explained that failing to grant in forma pauperis status in frivolous cases is not contrary to the Constitution:

> [T]he Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those

> individuals who have abused the system. Under the
> circumstances of this case, we find it appropriate to deny in
> forma pauperis status to petitioner in this and all future
> petitions for extraordinary relief

*In re Sindram*, 498 U.S. 177, 180 (1991) (citations omitted).

*Sindram* focused on a frivolous filer's repetitious requests for issuance of an extraordinary writ. Here, Petitioner has filed five too many habeas corpus actions without authorization from the federal appellate court. If he is flooding the state courts with repetitive petitions, the Idaho Supreme Court has adequate grounds to require him to pay the appellate fee before he can proceed.

In any event, if Petitioner desires to pursue an access-to-courts claim, he must file a civil rights action. A claim centered on the Idaho Supreme Court's unwillingness to hear collateral challenges to Petitioner's state criminal conviction without prepayment of the fee to prepare the court record is not actually a challenge to the validity of his conviction or sentence. Therefore, such a claim does not sound in habeas corpus. In accordance with the foregoing, this case will be dismissed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Applications to Proceed in Forma Pauperis (Dkts. 1, 6) are GRANTED.

2. This entire action is DISMISSED without prejudice.

**INITIAL REVIEW ORDER - 4**

DATED: August 13, 2020

B. Lynn Winmill
U.S. District Court Judge